# In the United States Court of Federal Claims

No. 22-377
Filed: June 23, 2023

_____
                                                      )
RAMEY ALAINE CHISUM,                                  )
                                                      )
                  *Plaintiff*,         )
                                                      )
  v.                                                  )
                                                      )
THE UNITED STATES,                                    )
                                                      )
                  *Defendant*.        )
_____ )

## **OPINION AND ORDER**

      Ramey Chisum alleges that the United States has failed to pay her certain benefits that she claims to be entitled to and retaliated against her for her petitioning the Government. According to Chisum, she is owed money for unpaid benefits from the Social Security Administration ("SSA"), the Department of Housing and Urban Development ("HUD"), and the Internal Revenue Service ("IRS"). She also alleges retaliation for her petitioning the Government in violation of her First Amendment rights. Finally, she seeks an injunction prohibiting further retaliation and an apology. The Government moves to dismiss for lack of subject matter jurisdiction. Because this Court lacks jurisdiction over Ms. Chisum's claims, it grants the Governments motion and dismisses this case.

**I.**    **Standard of Review**

      When deciding a motion to dismiss for lack of subject matter jurisdiction, the Court "must take as true the factual allegations set forth" in the complaint. *Air Prod. & Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1563 (Fed. Cir. 1985). It is the plaintiff's burden to establish the Court's jurisdiction. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). And the plaintiff must typically do so in the complaint. *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1319 (Fed. Cir. 2006).

      The Court holds a pro se plaintiff's pleadings to a less stringent standard and liberally construes language in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even a pro se plaintiff must meet his jurisdictional burden. As the Federal Circuit explained, "[w]e agree that leniency with respect to mere formalities should be extended to a pro se party . . . [h]owever . . . a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only." *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). "Pro se or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims." *Rothing v. United*

*States*, 132 Fed. Cl. 387, 390 (2017) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

## II.     Discussion

### A.     Plaintiff's claims regarding conduct in 2010 and 2012 is untimely.

Although the Government does not directly address it, the Court must consider whether some or all of Ms. Chisum's claims are timely.  *See, e.g.*, *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132 (2008) ("The question presented is whether a court must raise on its own the timeliness of a lawsuit filed in the Court of Federal Claims, despite the Government's waiver of the issue. We hold that the special statute of limitations governing the Court of Federal Claims requires that *sua sponte* consideration.").  "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501.

Here, much of Ms. Chisum's claims involve events that occurred in 2010 and 2012.  For example, Ms. Chisum alleges that the Government retaliated against her in April 2010 for complaining about the Truman Medical Center. ECF No. 16 at 4.[1]  She similarly complains of retaliation in September 2012. *Id*. at 6.  These claims are clearly outside this Court's jurisdiction under Section 2501.[2]  Ms. Chisum recognizes this impediment to some of her claims but contends that the Court should extend the statute of limitations due to the Government's alleged "history of retaliation . . . along with unwillingness to allow grievances inhibited progress for resolution before the 6[-]year mark to present." ECF No. 16 at 1.  The Court, however, is not free to disregard the statute of limitations.  Nor is it subject to equitable tolling. *E.g.*, *Rashid v. United States*, No. 2022-1809, 2022 WL 3148029, at *1 (Fed. Cir. Aug. 8, 2022) ("Finally, the jurisdictional nature of the statute of limitations makes equitable tolling unavailable.") (citing *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1382 (Fed. Cir. 2012)).  Therefore, the Court dismisses claims relating to events in 2010 and 2012.

For the avoidance of doubt, the Court is not dismissing claims involving a June 2016 determination by the Social Security Administration on timeliness grounds.  *See* ECF No. 16 at 8.  Because Ms. Chisum filed her initial Complaint within six years of this determination, her claims are timely as to this determination under Section 2501.

### B.     The Court lacks jurisdiction over plaintiff's claims under the First Amendment.

Ms. Chisum alleges that she has faced retaliation for petitioning the Government over the years.  Specifically, her Complaint alleges a "violation of [her] constitutional right to petition the government, the defendant[,] for a redress of grievances without punishment or reprisal . . . ."

---

[1] Because the Amended Complaint lacks numbered paragraphs or consistent pagination, the Court cites the page numbers in the ECF Header.

[2] Even if the statute of limitations ran from the filing of Ms. Chisum's prior lawsuit against the Truman Medical Center, Case No. 21-cv-1073-RTH, Ms. Chisum filed that case on March 5, 2021, and these claims would still be untimely.

ECF No. 16 at 4.  She also complains of a "history of retaliation by the defendant along with unwillingness to allow grievances." *Id*. at 1.  And she appears to fear further retaliation: "I hope I won['t] lose my current poverty level income for petitioning the government for a redress of grievances as a form of reprisal and punishment." *Id*. at 2.  Finally, Ms. Chisum filed a notice to the same effect, stating: "The plaintiff[,] as the court is aware[,] relies on Social Security Benefits and has no other earning potential because of the actions by the defendant, [and] the plaintiff does not wish to lose those disability benefits as a result of filing case 22-cv-00377 or any other attempt to gain settlement as compensation for yet unpaid Social Security Benefits or any other owed compensation by the defendant and it's various agencies." ECF No. 17.

While Ms. Chisum is correct that this Court hears certain cases arising under the Constitution, First Amendment claims are not among them.  The right "to petition the Government for a redress of grievances" is a core right guaranteed by the First Amendment.  U.S. Const. Amend. I.  But this Court does not have jurisdiction over every claim arising under the Constitution; rather, this Court has jurisdiction over claims based on money-mandating provisions of the Constitution.  *Carpenter v. United States*, 118 Fed. Cl. 712, 713 (2014) ("Although the Tucker Act confers jurisdiction to this Court over Constitutional claims, any allegedly violated provision must itself be money-mandating.").  This Court, therefore, lacks jurisdiction over Ms. Chisum's claims for alleged violations of her right to petition the Government because "the first amendment, standing alone, cannot be so interpreted to command the payment of money." *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983).

The Court grants the Government's motion insofar as it seeks to dismiss all claims under the First Amendment for lack of subject matter jurisdiction.

   **C.**  **This Court lacks jurisdiction over claims for social security benefits.**

Ms. Chisum seeks $390,000 in unpaid social security benefits.  ECF No. 16 at 2.  In her response, she asserts that she is, in fact, seeking $470,000, but she does not explain the discrepancy between the amount in her Complaint and the amount in her response.  ECF No. 25 at 3.  In any event, the amount does not matter because the Court lacks jurisdiction over claims for social security benefits.

Ms. Chisum is correct that this Court has jurisdiction over certain claims for money damages against the United States.  "But Congress may also specify, in a particular statute that mandates payment of money, that review is restricted to a court other than ours." *Kristian v. United States*, No. 19-1576C, 2020 WL 504793, at *1 (Fed. Cl. Jan. 31, 2020) (quoting *Fletcher v. United States*, No. 10-203C, 2010 WL 2640337, at *2 (Fed. Cl. June 30, 2010)).  Congress has done so here by limiting review of claims for social security benefits to the district courts.  As the Federal Circuit found, "we hold that the [Court of Federal Claims] has no jurisdiction under the Tucker Act . . . over claims to social security benefits." *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (internal citation omitted).  Thus, this Court lacks jurisdiction over Ms. Chisum's claims for social security benefits.

It appears that Ms. Chisum is confused by the Little Tucker Act's limitation on district court jurisdiction over monetary claims against the United States.  In her response, Ms. Chisum argues that she cannot bring her claim in district court because she is seeking damages "far

exceeding the limits of the U.S. District Courts." ECF No. 25 at 3.  This would make sense under the Little Tucker Act, which provides concurrent jurisdiction to the district courts for claims within this Court's jurisdiction but limits that district court jurisdiction to claims "not exceeding $10,000 in amount . . . ."  28 U.S.C. § 1346(a)(2).  But the district court's jurisdiction to hear social security benefit claims arises under 42 U.S.C. § 405(g), not the Little Tucker Act. *E.g.*, *Beyes v. Kijakazi*, No. 4:22-CV-614 SRW, 2023 WL 1765185, at *1 (E.D. Mo. Feb. 3, 2023) ("The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g).").  Thus, the Little Tucker Act's limitations would not apply to the social security benefit claims.  In any event, when Congress grants exclusive jurisdiction to the district courts, this Court lacks jurisdiction because it is not a district court.

The Court grants the Government's motion insofar as it seeks to dismiss all claims for social security benefits for lack of subject matter jurisdiction.

### D.     This Court lacks jurisdiction over plaintiff's claims under the Medicare Act.

Ms. Chisum also alleges that she is owed compensation because "fraudulent[3] Medicare premiums [were] deducted from [her] [Social Security] benefits in the amount of $10,000," and "these benefits should be paid by CMS because [her] poverty level income is too low to require [her] to pay for medical insurance."  ECF No. 16 at 2.

But this Court lacks jurisdiction over claims for compensation arising under the Medicare Act.  *Alvarado Hosp., LLC v. Price*, 868 F.3d 983, 996 (Fed. Cir. 2017) (This Court is "preclude[d] . . . from reviewing reimbursement claims arising under the Medicare Act."); *St. Vincent's Med. Ctr. v. United States*, 32 F.3d 548, 550 (Fed. Cir. 1994) ("[T]here is no Tucker Act jurisdiction over Medicare reimbursement claims."); *Allegheny Techs. Inc. v. United States*, 144 Fed. Cl. 126, 138 (2019) ("[C]laims for benefits that arise from the Medicare Act are not within the subject-matter jurisdiction of this court.").  This is for the same reason the Court lacks jurisdiction over Ms. Chisum's claim for social security benefits—Congress vested the sole jurisdiction to review such claims in the district courts.  *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) ("§ 405(g) . . . is the sole avenue for judicial review for all claims arising under the Medicare Act." (cleaned up); *Alvarado Hosp.*, 868 F.3d at 996 ("This judicial review scheme places jurisdiction in the district courts . . . ."); *Wilson v. United States*, 405 F.3d 1002, 1013 (Fed. Cir. 2005) ("[U]nder section 405(g), it is only through the relevant administrative procedures that a plaintiff may seek judicial review, and even then only in federal district court.").

Ms. Chisum's argument in favor of jurisdiction fails to overcome the district court's exclusive jurisdiction.  According to her, "[t]he Defendant claims that the Center's for Medicare Services is not the representative of the Defendant therefore the Defendant has no responsibility in paying Ms. Chisum her alleged owed debts."  ECF No. 25 at 4 (citing Exhibit 133).  It is not clear what argument Ms. Chisum is referring to because the Government does not argue jurisdiction is lacking because CMS is not the representative of the Government.  Rather, as

---

[3] To the extent Ms. Chisum alleges fraudulent conduct, this Court lacks jurisdiction over such a tort claim.  28 U.S.C. § 1491(a)(1).

explained above, the Government argues that this Court lacks jurisdiction because Congress vested exclusive jurisdiction over claims for Medicare benefits in the district courts.

Nor does her argument that the President "personally promised to refer [her] complaint to the appropriate agency [and] Mr. President chose CMS to refer the Plaintiff's complaint to." ECF No. 25 at 4. Thus, Ms. Chisum argues "subject matter jurisdiction has been established." *Id*. Ms. Chisum apparently sent an inquiry to the White House, which reviewed her inquiry and forwarded it to CMS. *See* ECF No. 25 at 7-8. But it is Congress, not the President, that defines the jurisdiction of the federal courts below the Supreme Court. *E.g.*, *Pers. Audio, LLC v. CBS Corp.*, 946 F.3d 1348, 1352 (Fed. Cir. 2020) ("The Supreme Court long ago held that the power to create the lower federal courts includes a lesser power—to define the jurisdiction of lower federal courts it creates.") (citation omitted).

The Court grants the Government's motion insofar as it seeks to dismiss all claims for Medicare benefits for lack of subject matter jurisdiction.

### E. This Court lacks jurisdiction over plaintiff's contract claim against the Housing Authority of Kansas City, Missouri.

Although not the clearest allegation, Ms. Chisum appears to allege that although she "qualified for zero rent through the Section 8 program," she had to pay between $600-$750 per month in rent over a period of seven years. ECF No. 16 at 10. Ms. Chisum complains that the United States owes her compensation for this rent that she argues she was not required to pay, apparently in violation of a contract. ECF No. 16 at 10.

With a breach of contract claim, "there is a presumption in the civil context that a damages remedy will be available upon the breach of an agreement." *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1364 (Fed. Cir. 2021) (citations omitted). Thus, the "general rule" is "if a plaintiff alleges breach of a contract with the government, the allegation itself confers power on the [Court of Federal Claims] to decide whether the claim has merit." *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021). But, of course, there are exceptions to the rule. Here, the Government moves to dismiss because Ms. Chisum's Housing Choice Voucher agreement is between her and the Housing Authority of Kansas City, Missouri. ECF No. 20 at 5; *see also* ECF Nos. 20-1. This Court lacks jurisdiction over contract claims with entities other than the United States. *E.g.*, *Sherwood*, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of [this] court."). Therefore, the Court lacks jurisdiction to hear a claim pursuant to Ms. Chisum's Housing Choice Voucher.

The Government also argues that this Court lacks jurisdiction to resolve any dispute between Ms. Chisum and the United States based on the agreements it has with the housing authority due to a lack of privity. ECF No. 20 at 5; *see also* ECF Nos. 20-2 & 20-3. Pursuant to these agreements, the United States reimburses the housing authority for its payments to participating landlords. But, as the Government argues, Ms. Chisum is not a signatory to the contracts, and she lacks privity with the United States. But privity is generally required for this Court to have jurisdiction over a claim against the Government arising under a contract. *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015) ("As a

general rule, for purposes of Tucker Act jurisdiction, the government 'consents to be sued only by those with whom it has privity of contract.'") (quoting *Erickson Air Crane Co. of Wash. v. United States*, 731 F.2d 810, 813 (Fed.Cir.1984)). It is clear there is no privity here, which defeats this Court's jurisdiction. *Katz v. Cisneros*, 16 F.3d 1204, 1210 (Fed. Cir. 1994) ("Any express contract that might be invocable is between Hollywood Associates and Housing Allowance, not between Hollywood Associates and the United States, which is, of course, the sine qua non of jurisdiction in the Court of Federal Claims. Absent privity between Hollywood Associates and the government, there is no case.").

Ms. Chisum seeks to overcome the lack of privity by arguing that the Government is wrong that the U.S. Department of Housing and Urban Development ("HUD") "is not responsible for Section 8 . . . ." ECF No. 25 at 5. But that is not the Government's argument. The Government argues that Ms. Chisum does not have a contract with the United States and, therefore, lacks privity to sue under a contract. Whether HUD is responsible for Section 8 is beside the point. The fact remains that Ms. Chisum is not the signatory to a contract with the United States, depriving her of the ability to sue under a contract theory here.

Ms. Chisum continues that a HUD employee intervened in her dispute with the housing authority and "HUD illegally became involved with a state agency for which HUD (the Defendant) has no jurisdiction altering contractual agreements between the KC Housing Authority and Ms. Chisum of which HUD was not a party and issued orders as well as reimbursement HUD had no jurisdiction to mandate." *Id*. There are two problems with this argument. First, the fact "that HUD provided funding, oversight, and enforcement does not make HUD a party under the contract." *Normandy Apartments, Ltd. v. United States*, 633 F. App'x 933, 939 (Fed. Cir. 2015). This is because "a grant of benefits and subsequent oversight by HUD is insufficient to establish a contractual obligation between [a plaintiff] and the government." *Katz*, 16 F.3d at 1210. Second, allegations of "unlawful interference with contracts are claims sounding in tort," which "this court lacks subject matter jurisdiction to entertain." *Arbelaez v. United States*, 94 Fed. Cl. 753, 761 (2010) (cleaned up); *see also Williamson v. United States*, 166 Ct. Cl. 239, 244 (1964) ("This court clearly does not have jurisdiction of this aspect of the case, which is based upon unlawful acts of the defendant's officers said to have interfered with plaintiff's contract of employment. This part of the claim sounds in tort, it being the very essence of a tort that it is an unlawful act, done in violation of the legal rights of some one." (cleaned up)); *Lea v. United States*, 592 F. App'x 930, 933 (Fed. Cir. 2014) ("The court below therefore correctly concluded that it lacked jurisdiction to hear Plaintiff's tort claims, including those for fraud and tortious interference with contract.").

Because Ms. Chisum lacks privity with the United States, this Court lacks jurisdiction over her claims insofar as they allege a breach of contract.

### F.     This Court lacks jurisdiction over plaintiff's tax claims.

Ms. Chisum also alleges that she is owed certain unspecified Covid relief payments and a tax refund relating to her 2009 taxes. ECF No. 16 at 1. But to bring a claim for a tax refund, Ms. Chisum "must file a claim within three years of filing a return or within two years of paying the tax." *Strategic Hous. Fin. Corp. of Travis Cnty. v. United States*, 608 F.3d 1317, 1327 (Fed. Cir. 2010). This is because 26 U.S.C. § 6511 imposes these limits on claims for tax refunds. "[T]he

statute of limitations set forth in § 6511 is not subject to equitable tolling." *Wadlington v. United States*, 176 F. App'x 105 (Fed. Cir. 2006); *United States v. Brockamp*, 519 U.S. 347, 354 (1997) ("Congress did not intend the 'equitable tolling' doctrine to apply to § 6511's time limitations."). Therefore, Ms. Chisum's tax refund claim for her 2009 taxes is time-barred and fails to establish this Court's jurisdiction. The Court grants the motion to dismiss Ms. Chisum's claim for a tax refund related to her 2009 tax returns for lack of subject matter jurisdiction.

Ms. Chisum also alleges that the Government did not send her the proper amount of stimulus payments throughout the Covid-19 Pandemic. ECF No. 16 at 1. Here, the Government moves to dismiss arguing that Ms. Chisum fails to allege a money-mandating source of law. ECF No. 20 at 6. Although Ms. Chisum's Amended Complaint alleges that she was not paid certain Covid relief, her response to the Government's motion to dismiss does not identify what statute or regulation she claims entitles her to money or what money she did not receive. Instead, in her response Ms. Chisum states merely that "[t]he damage the IRS created while the Plaintiff was homeless contributed to the homelessness situation SSA already created when the Plaintiff was unable to support herself financially." ECF No. 25 at 5. This does not identify what money mandating source of law supports her claim. And the rest of the response in the section addressing her claims against the IRS deals with the alleged misconduct of the Social Security Administration, not the Treasury. *Id*. at 5-6. Therefore, the Court concludes that Ms. Chisum has failed to carry her burden of establishing this Court's jurisdiction.[4]

### G. This Court lacks the jurisdiction to grant the equitable relief plaintiff seeks.

In addition to monetary damages, Ms. Chisum asks this Court to grant injunctive relief prohibiting the Government from further retaliation and requiring the Government to issue Ms. Chisum an apology letter. ECF No. 16 at 3. The Court lacks jurisdiction to do so. This Court's authority to grant equitable relief is limited. *E.g.*, *Stephanatos v. United States*, 81 Fed. Cl. 440, 445 (2008), *aff'd*, 306 F. App'x 560 (Fed. Cir. 2009) ("It is rudimentary that the Court of Federal Claims lacks jurisdiction to grant general equitable relief.") (citing *Brown v. United States*, 105 F.3d 621, 624 (Fed.Cir.1997)). First, the Court may grant injunctive relief in bid protest cases under 28 U.S.C. § 1491(b)(2). But this case is not a bid protest, so that provision does not help Ms. Chisum.

Second, the Court may grant certain equitable relief that is "incident of and collateral to any such [monetary] judgment . . . ." 28 U.S.C. § 1491(a)(2). But to fall within this authority, Ms. Chisum would have to establish this Court's jurisdiction to hear her claims. Because she has not done so, it does not provide a basis for this Court's jurisdiction over her claims. *Stephanatos*, 81 Fed. Cl. at 445.

## III. Plaintiff's Proposed Sur-Reply

Ms. Chisum also filed a "Response to Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss," which the Court considers to be a sur-reply. Pursuant to the

---

[4] Even if the Court were to assume that Ms. Chisum bases her claim on one of the various Covid-19 relief statutes and that statute were money mandating, the outcome would be the same under Rule 12(b)(6) because Ms. Chisum has not pleaded facts sufficient to plausibly state a claim.

Court's Rules, a party may only file a sur-reply with the Court's leave. *See* RCFC 5.4(a) (providing for a motion, a response, and a reply). Although Ms. Chisum did not file a motion for leave to file a sur-reply, the Court considers her filing to include such a motion.

"[S]ur-replies are generally disfavored" because they often serve as nothing more than "an effort to get the last word." *Am. Safety Council, Inc. v. United States*, 122 Fed. Cl. 426, 431 (2015) (citations omitted). Therefore, a sur-reply may only respond to "new" arguments raised for the first time in a reply; they are not proper to respond to arguments that reply to allegations in a response or elaborate on arguments raised in the opening motion. *Id.* (citations omitted). Here, there is nothing in Ms. Chisum's filing that asserts the Government raised anything new in its reply. In fact, the filing repeats her arguments from her Response. Therefore, the Court denies Ms. Chisum leave to file a sur-reply and rejects the filing.

### IV.     Conclusion

For the reasons stated above the Court:

1. GRANTS the Government's motion to dismiss for lack of subject-matter jurisdiction, ECF No. 20.

2. DENIES-AS-MOOT Ms. Chisum's motion for summary judgment, ECF No. 22.

3. GRANTS the motion to proceed in forma pauperis, ECF No. 8.

The Clerk's Office shall enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

s/ Edward H. Meyers<br>
Edward H. Meyers<br>
Judge